NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONNIE MILTON LIBURD,

Plaintiff-Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

Defendant-Appellee.

No.    21-35435

D.C. No. 3:20-cv-05443-DWC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted May 19, 2022[**]
Seattle, Washington

Before:  WARDLAW, GOULD, and BENNETT, Circuit Judges.

Ronnie Liburd appeals from the district court's order affirming the

administrative law judge's (ALJ) denial of supplemental security income disability

benefits.  Liburd's only challenge is to the ALJ's rejection of Dr. Dan Neims's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

opinion that Liburd had "marked," or very significant, limitations in performing several basic work activities.  We have jurisdiction under 42 U.S.C. § 405(g), and we reverse and remand.

We review the district court's order affirming the denial of benefits de novo. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  We review an ALJ's decision "to discredit any medical opinion" for substantial evidence.  *Woods v. Kijakazi*, No. 21-35458, 2022 WL 1195334, at *1 (9th Cir. Apr. 22, 2022).[1] "Substantial evidence means more than a mere scintilla, but less than a preponderance.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Desrosiers v. Sec'y of Health & Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (cleaned up).

The ALJ rejected Dr. Neims's marked ratings for two reasons: (1) Dr. Neims "provided *no support* for the boxes checked," and (2) "the ratings are not consistent with *any portion* of [Dr. Neims's] narrative report or clinical findings." (emphasis added).  Both reasons are unsupported by the record.  Parts of Dr. Neims's opinion provide some support for the marked ratings and are consistent

_____

[1] Given our recent decision in *Woods*, Liburd's argument that the ALJ needed to provide specific and legitimate reasons to reject Dr. Neims's medical opinion is unavailing.  *See Woods*, 2022 WL 1195334, at *1 ("As a threshold matter, we must decide whether recent changes to the Social Security Administration's regulations displace our longstanding case law requiring an ALJ to provide 'specific and legitimate' reasons for rejecting an examining doctor's opinion.  We conclude that they do.").

with them.  For example, Dr. Neims noted that Liburd was "[d]ifficult to redirect" and "struggle[d] with directly answering questions posed of him."  Liburd's speech was "rambling" and "tangential."  Dr. Neims also indicated that Liburd suffered from "chronic pain," which could be a "[p]otential impediment[] to" finding a job. These observations offer some support for and are consistent with the marked ratings, as the behaviors and symptoms could impair Liburd's ability to communicate, perform effectively, and maintain appropriate behavior in a work setting.

The Commissioner argues that the ALJ nonetheless properly rejected the marked ratings because other parts of Dr. Neims's opinion undermined the marked ratings and the marked ratings conflicted with other evidence in the record.  But the ALJ did not reject the marked ratings for those reasons, and thus we cannot rely on them.  *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

In sum, the ALJ's decision to discount Dr. Neims's opinion is not supported by substantial evidence because all the ALJ's reasons for rejecting Dr. Neims's opinion are contradicted by the record.  We cannot find the ALJ's error was harmless to the ultimate nondisability determination, as it is unclear how much weight should have been given to Dr. Neims's marked ratings.  Finally, we remand for further administrative proceedings because there is significant conflicting

3

evidence between Dr. Neims's opinion and the other medical evidence. *See*

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

**REVERSED and REMANDED.**